F I L E D
United States Court of Appeals
Tenth Circuit

December 18, 2006

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MAGDALENO MACIAS-MADRID,
also known as Manuel Macias-Madrid,
also known as Jesus Jose Macias,

Defendant-Appellant.

No. 04-2346
(D.C. No. CR-04-960)
(New Mexico)

ORDER AND JUDGMENT[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Magdaleno Macias-Madrid, a citizen of Mexico, pled guilty to reentering

the United States following deportation for an aggravated felony. The district

court accepted his plea and sentenced him to a term of incarceration at the bottom

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R.
32.1 (eff. Jan. 1, 2007).

of the applicable guideline range. Mr. Macias-Madrid filed a timely notice of appeal. His counsel filed an *Anders* brief and moved to withdraw. After considering counsel's brief and reviewing the record, we conclude there are no non-frivolous grounds on which Mr. Macias-Madrid could appeal his sentence. Accordingly, we grant counsel's motion to withdraw and dismiss this appeal.

Mr. Macias-Madrid was apprehended near Cotton, New Mexico and, when questioned by Border Patrol agents, admitted to being a citizen of Mexico and in the United States illegally. Immigration records subsequently revealed Mr. Macias-Madrid had been deported twice, the second time following a conviction for conspiracy to possess with intent to distribute 50 kilograms or more of marijuana.

Mr. Macias-Madrid pled guilty, without a plea agreement, to illegal reentry following conviction for an aggravated felony. The United States Probation Office prepared a presentence report (PSR) calculating an offense level of 21 and a criminal history category of IV, resulting in a suggested sentencing range of 57 to 71 months. Mr. Macias-Madrid filed a motion for downward departure on the grounds that he reentered the United States solely for the purpose of earning money to pay for his wife's life-saving operation, and that reentering the United States was a lesser harm than permitting his wife to die because he could not pay for her surgery. The government objected to the motion.

Prior to sentencing, Mr. Macias-Madrid and the government agreed to a 2-

level reduction, bringing his total offense level to 19 and thereby reducing the applicable sentencing range to 46 to 57 months. At the sentencing hearing, the district court adopted the PSR's calculations as well as the parties' agreement regarding the reduction in offense level. Rec., vol. IV at 7-9. The court then sentenced Mr. Macias-Madrid to 46 months, a term at the bottom of the applicable guideline range. The court also sentenced Mr. Macias-Madrid to 6 months incarceration for violating the terms of his supervised release pursuant to a previous conviction, to run concurrently with his 46-month sentence.

Little more than a month later, the United States Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), and Mr. Macias-Madrid moved for reconsideration of his sentence in light of that opinion. Rec., vol. I at 29. The district court granted his motion, and Mr. Macias-Madrid filed a sentencing memorandum in which he argued for a lesser sentence on the same grounds as those presented in his previous motion for a downward departure. *Id.* at 41. He also contended the sentence he received for his marijuana conviction was greater than sentences now received by defendants convicted of the same offense, thereby over-representing his criminal history score. The district court again sentenced Mr. Macias-Madrid to 46 months incarceration under the now-advisory guidelines, and he filed a notice of appeal. Asserting he could not discover any non-frivolous grounds for an appeal, Mr. Macias-Madrid's counsel filed a motion to withdraw and an *Anders* brief.

The Supreme Court's decision in *Anders v. California*, 386 U.S. 738, 744 (1967), authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that an appeal would be wholly frivolous. Under *Anders*, counsel must submit a brief to his client and this court indicating any potential grounds for appeal based on the record. *Id*. His client may choose to submit arguments to the court in response. *Id*. We must then conduct a full examination of the record to determine whether any claim raised by the client is not wholly frivolous. *Id*. If we conclude after such an examination that the appeal is frivolous, we may grant counsel's motion to withdraw and dismiss the appeal. *Id*.

In his *Anders* brief, counsel did not identify a single potential ground for appeal. Moreover, despite being served the *Anders* brief and given two opportunities by this court to file a response or an appeal brief, Mr. Macias-Madrid has failed to do either. Based on our own examination of the record, we conclude there are no non-frivolous appealable issues.

Mr. Macias-Madrid pled guilty to illegal reentry and there is no evidence in the record that his plea was made unknowingly or involuntarily. Mr. Macias-Madrid did not object to the PSR's calculations prior to sentencing, nor can we discover any errors in those calculations. Finally, we find no evidence in the record to suggest that Mr. Macias-Madrid's 46-month sentence was unreasonable. *See United States v. Galarza-Payan*, 441 F.3d 885, 887 (10th Cir. 2006)

-4-

(Following *Booker*, "[w]e review sentences imposed by the district court for reasonableness."). In reviewing the reasonableness of Mr. Macias-Madrid's sentence, "we consider whether the district court correctly applied the Guidelines and whether the ultimate sentence is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1114 (10th Cir. 2006). A sentence falling within the properly-calculated guidelines range is entitled to a rebuttable presumption of reasonableness. *Id.*

The district court entertained Mr. Macias-Madrid's arguments regarding his wife's condition and the necessity of entering the United States to pay for her operation. After hearing these arguments, the district court agreed to a 2-level reduction to the offense level proposed by the PSR. At his second sentencing, the court also considered Mr. Macias-Madrid's argument that his criminal history category was over-represented due to the discrepancies in prison terms between defendants sentenced at the time he was sentenced and defendants sentenced more recently. In light of these arguments, the court twice sentenced Mr. Macias-Madrid to 46 months, a term at the very bottom of the applicable guideline range. We can find nothing in the record to suggest this sentence was unreasonable.

Because our review of the record failed to reveal any non-frivolous appealable issues, we GRANT counsel's motion to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge